COURT OF APPEALS
DECISION
DATED AND FILED

July 30, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP537-CR**

Cir. Ct. No. **2013CF3828**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHN FLASKO PHILLIPS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DANIEL L. KONKOL and MARK A. SANDERS, Judges. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   John Flasko Phillips appeals a judgment convicting him of second-degree reckless homicide, as a party to a crime.   Phillips also appeals an order denying his postconviction motion seeking plea withdrawal on the ground that he received ineffective assistance of trial counsel.[1]  Phillips argues that Thomas Harris, his trial lawyer, materially misrepresented the strength of the State's case causing him to enter a guilty plea.   We affirm.

¶2    On the day the trial was scheduled to begin, Phillips pled guilty to a reduced charge of second-degree reckless homicide, as a party to a crime.   He was sentenced to twelve years of initial confinement and five years of extended supervision.   Phillips moved for postconviction relief, arguing that he should be allowed to withdraw his plea because Attorney Harris materially misled him in two respects, which caused him to enter his plea.   First, Phillips argued that Attorney Harris told him that Phillips's personal friend, James Marable, was present on the day of trial and would testify for the State that Phillips admitted to him that Phillips committed the crime.   Phillips asserted that after he entered the plea, he learned that Marable had not, in fact, been present for trial.   Second, Phillips argued Attorney Harris made him a promise that he would receive no more than seven or eight years of initial confinement to run concurrently to the six years of revocation time he was currently serving.[2]  After an evidentiary hearing, the trial court denied the motion.

---

[1]  The Honorable Daniel L. Konkol presided over the plea and sentencing proceedings. The Honorable Mark A. Sanders presided over the postconviction motion proceedings.

[2]  Phillips has not pursued this argument on appeal.

¶3    "When a defendant seeks to withdraw a guilty plea after sentencing, he must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'" *State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482 (citations omitted). A manifest injustice occurs if the defendant was denied the effective assistance of counsel. *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44. When we review the circuit court's findings of evidentiary or historical fact "we apply a deferential, clearly erroneous standard[.]" *See State v. Jenkins*, 2007 WI 96, ¶33, 303 Wis. 2d 157, 736 N.W.2d 24. "The standard also applies to credibility determinations." *Id.* "When the circuit court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and the weight to be given to each witness's testimony." *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345. "The reason for this rule is that the trier of fact had the opportunity to observe the witnesses and their demeanor." *Id.*

¶4    Five witnesses testified at the postconviction evidentiary hearing, which was held three and one-half years after sentencing. Attorney Harris testified that he had no recollection of talking to Phillips about Marable on the day of the plea. He testified that he would not tell a client that a witness was present if he did not know for a fact that the witness was present, and that he has never told a client that he could guarantee a sentencing outcome. In addition, Attorney Harris testified that he could not recall what made Phillips change his mind about going to trial, but he remembered that the police had a video of Phillips wearing jeans that had an unusual external pocket, that Phillips was arrested wearing jeans with the same type of external pocket, and that Phillips's fingerprints were found on a gun located near the homicide. Attorney Harris also testified that the State offered to drop the felon in possession of a firearm charge and reduce the charge of first-

degree reckless homicide while armed to second-degree reckless homicide, as a party to a crime, if Phillips entered a plea.

¶5     James Marable testified that he was not present in court the day trial was scheduled and had not been subpoenaed for trial.

¶6     Detective Keith Kopcha testified that he was one of the lead detectives in the case and that the primary evidence implicating Phillips was his fingerprint on the magazine inside of the murder weapon, which was found at the scene, cell phone records showing that he was in the area where the homicide occurred, and video evidence showing that the suspect, whose profile is consistent with Phillips's profile, was wearing a unique style of jeans with a pocket hanging from the outside, which were similar to the jeans Phillips was wearing when he was arrested.  Detective Kopcha also testified that Marable told the police that Phillips told him that the crime was not "supposed to go down like that," and that the State planned to call Marable at trial but had been unable to locate him.

¶7     Betty Dooley, Phillips's sister, testified that Attorney Harris told her that Marable was present and ready to testify against Phillips on the day of the trial, although she did not know what Marable would testify about or the evidence against her brother.  She further testified that Attorney Harris told her and her family that he told Phillips not to go to trial because Marable was ready to testify against him.

¶8     Phillips testified that Attorney Harris told him that Marable was present three different times on the day of trial.  Phillips testified that Marable's presence caused him to enter a plea because Marable had known him for twenty years, so Marable's testimony that he admitted killing the victim would have been very damaging.  Phillips further testified that Attorney Harris promised him he

would receive no more that seven or eight years of initial confinement, to run concurrently.

¶9    The circuit court found Attorney Harris's testimony that he had no recollection of whether he discussed Marable with Phillips to be credible. The circuit court found Marable's testimony that he was not present and had not been subpoenaed for trial to be credible. The circuit court found the testimony of Dooley, Phillips's sister, to be generally credible, although the court said that at times her testimony undermined her credibility. Nevertheless, the circuit court accepted her testimony that on the day of trial, there was a conversation between her and Attorney Harris, and after that conversation she believed that Marable was present. The circuit court found that Phillips was not a credible witness because he previously lied to the court during the plea colloquy and had an even greater incentive to lie regarding his lawyer's conduct during the postconviction motion hearing, so that he could withdraw his plea.

¶10    As we previously explained, the circuit court is the arbiter of witness credibility. *See Peppertree Resort Villas, Inc.*, 257 Wis. 2d 421, ¶19. Based on the circuit court's credibility findings, the circuit court found as a matter of fact that Phillips did not show that Attorney Harris misled him. This finding is not clearly erroneous because the circuit court disregarded Phillips's testimony as not credible. The only evidence deemed credible by the circuit court tending to show that Attorney Harris misinformed Phillips was Dooley's testimony. But Dooley did not testify that she witnessed Attorney Harris tell Phillips that Marable was present. Dooley testified that Attorney Harris *told her* that Marable was present and *told her* that he advised Phillips that Marable was present to testify against him. Because the circuit court disregarded Phillips's testimony, the circuit court reasonably concluded that Phillips's primary motivation in entering his plea was to

5

reduce his prison exposure, especially because there was significant evidence against Phillips that had nothing to do with Marable. Because Phillips did not show that Attorney Harris misrepresented the strength of the State's case, causing him to plead guilty, the circuit court properly denied the postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.